| Filer's Name, Address, Phone, Fax, Email: | |
|---|---|
| KESSNER UMEBAYASHI BAIN & MATSUNAGA<br>EMMA S. MATSUNAGA 2749-0<br>JILL J. TAKAYAMA 8353-0<br>220 South King Street, Suite 1900<br>Honolulu, Hawaii 96813<br>Telephone: (808) 536-1900<br>Facsimile: (808) 529-7177<br>Email: bankruptcy@kdubm.com | <br>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813<br><br>FILED<br>U.S. BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>2011 MAY 26 P 3: 26<br>MICHAEL B. DOWLING<br>CLERK OF COURT<br>hib_4001-1cs (12/09) |

| Debtor: LV KAPOLEI 54, LLC | Case No.: **11-00981** |
|---|---|
| Joint Debtor:<br>(if any) | Chapter: **11** |
| **COVER SHEET - MOTION FOR RELIEF FROM STAY**<br>*Instructions:* Complete A. for all motions. Complete B. if seeking to enforce security interest. Complete C. if motion concerns a lease. Complete D. for other types of relief. Complete E. if seeking extraordinary relief. | Hearing Date: June 22, 2011<br>Time: 1:30 PM |

**A. Relief sought under** ☑ 11 U.S.C. § 362(d) – Automatic Stay ☐ 11 U.S.C. § 1301(c) – Chapter 13 Codebtor Stay

Movant: CENTRAL PACIFIC BANK

Role (mortgagee, lessor, agent, plaintiff, etc.): Mortgagee ☐ Debtor's principal residence

Subject Matter (real/personal property, litigation, etc.): 53.712 acres of land located at Kalaeloa, Honouliuli, District of Ewa, State of Hawaii, identified as Lot 8035-A and by Tax Map Key No. (1) 9-1-075-035
(use address/TMK/vehicle ID, etc.)

If pending litigation, last major prepetition event: Decree of Foreclosure
(decree of foreclosure, writ of possession, etc.)

| **B. Security Interest (mortgage, lien, etc.)** | Movant's lien position (1st, 2nd, etc.): 1st |
|---|---|
| Date of loan: February 22, 2008 | Maturity date: February 22, 2010 |
| Original amt: $ 21,450,000.00 | Principal bal: $ 20,366,975.51 | Interest, late fees, etc.: $ 3,323,220.24 as of 5/20/11 |
| Monthly pmt: $ matured | Prepetition arrears: $ | Postpetition arrears: $ |
| Debtor's valuation in schedules: $ 34,666,542.00 | Movant's valuation (if different): $ 13,340,000.00 |

| List all encumbrances: | Sr. lien: Central Pacific Bank's Mortgage Lien | $ 23,690,195.75 as of 5/20/11 |
|---|---|---|
| | 2nd lien: | $ |
| | Total other liens: Delinquent Real Property Taxes, not including penalties & interest | $ 541,658.66 |
| | Add all liens ............................................................................................................ | $ 24,231,854.41 |

| **C. Lease** | Date of lease: | Payment: $ per |
|---|---|---|
| Prepetition arrears: $ | Postpetition arrears: $ | |

**D. Other** Describe relief sought, title of action and court of any litigation, and any applicable insurance:
Secured Creditor Central Pacific Bank seeks relief from the automatic stay in order to exercise any and all of its rights and remedies under its Security Instruments, including the foreclosure of its mortgage lien on LV Kapolei 54, LLC's interest in the property consisting of 53.712 acres of land located at Kalaeloa, Honouliuli, District of Ewa, State of Hawaii, identified as Lot 8035-A and by Tax Map Key No. (1) 9-1-075-035.

**E. Extraordinary relief requested:** ☐ Retroactive relief ☐ "in rem" relief ☐ No stay of order

The above information summarizes allegations in attached motion. /s/ Emma S. Matsunaga
For Movant

KESSNER UMEBAYASHI
  BAIN & MATSUNAGA
Attorneys at Law, A Law Corporation

EMMA S. MATSUNAGA       2749-0
CORI ANN C. TAKAMIYA    6534-0
JILL J. TAKAYAMA        8353-0
220 South King Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 536-1900
Email: bankruptcy@kdubm.com

Attorneys for Secured Creditor
CENTRAL PACIFIC BANK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LV KAPOLEI 54, LLC,<br><br>        Debtor.<br><br>_____ | Case No. 11-00981<br>(Chapter 11)<br><br>SECURED CREDITOR CENTRAL PACIFIC BANK'S MOTION FOR RELIEF FROM STAY; MEMORANDUM IN SUPPORT OF MOTION; EXHIBITS "A" - "H"; DECLARATION OF J. MICHAEL ROSE; DECLARATION OF EMMA S. MATSUNAGA<br><br>DATE:   June 22, 2011<br>TIME:   1:30 p.m.<br>JUDGE:  Robert J. Faris |

## SECURED CREDITOR CENTRAL PACIFIC BANK'S
## MOTION FOR RELIEF FROM STAY

COMES NOW Secured Creditor CENTRAL PACIFIC BANK ("CPB"), by and through its counsel, Kessner Umebayashi Bain & Matsunaga, and hereby moves this Court for relief from the automatic stay under Sections 362(d)(1) and (2) of the Bankruptcy Code, in order to exercise any and all of its rights and remedies under: (a) that certain Mortgage, Security Agreement and Fixture Filing dated February 22, 2008 (hereafter "Mortgage"), executed by Debtor LV KAPOLEI 54, LLC (hereafter "Debtor"), as mortgagor, in favor of CPB, as mortgagee, which is recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3715681, and duly noted on Transfer Certificate of Title No. 743,697; (b) that certain Assignment of Lessor's Interest in Leases dated February 22, 2008, executed by Debtor, as assignor, and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2008-028744; and (c) that certain UCC Financing Statement, which is recorded in said Bureau of Conveyances as Document No. 2008-028745, and that certain UCC Financing Statement, which is recorded in the Delaware Department of State UCC Filing Section as Filing No. 2008-0708576, which remedies include the foreclosure of Debtor's interest in the real property

2

consisting of 53.712 acres of land located at Kalaeloa, Honouliuli, District of Ewa, State of Hawaii, identified as Lot 8035-A and by Tax Map Key No. (1) 9-1-075-035 (hereafter "Property").

CPB is entitled to relief from the automatic stay as to the Property for cause because CPB's interest in the Property is not adequately protected, the Debtor has no equity in the Property and it is not necessary for an effective reorganization.

This Motion is made pursuant to 11 U.S.C. §§ 105 and 362, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1, and is based upon the Memorandum in Support of the Motion and exhibits, the Declarations of J. Michael Rose and Emma S. Matsunaga in support of the Motion and the records and files herein and such other matters as may be presented to the Court.

Dated: Honolulu, Hawaii, May 26, 2011.

/s/ Emma S. Matsunaga
EMMA S. MATSUNAGA
JILL J. TAKAYAMA

Attorneys for Secured Creditor
CENTRAL PACIFIC BANK

R:\CO\!My Files\CPB\LV Kapolei\Pldgs - BK 11-00981\MLS\mls.wpd

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | Case No. 11-00981 |
| --- | --- | --- |
| | ) | (Chapter 11) |
| LV KAPOLEI 54, LLC, | ) | |
| | ) | |
| | ) | DATE: June 22, 2011 |
| Debtor. | ) | TIME: 1:30 p.m. |
| | ) | JUDGE: Robert J. Faris |
| | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF SECURED CREDITOR CENTRAL
PACIFIC BANK'S MOTION FOR RELIEF FROM STAY; EXHIBITS "A"-"H"

Secured Creditor CENTRAL PACIFIC BANK ("CPB") hereby submits this Memorandum in Support of its Motion For Relief From Stay. CPB states the following as grounds and facts for the requested relief:

I. FACTUAL BACKGROUND

Debtor LV KAPOLEI 54, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq.* (hereafter "Bankruptcy Code") on April 8, 2011 ("Petition Date").

Debtor is, and was at all times relevant herein, a Delaware limited liability company. Debtor owns a single asset real estate parcel consisting of 53.712 acres of vacant land located at Kalaeloa, Honouliuli, District of Ewa, State

of Hawaii, identified as Lot 8035-A and by Tax Map Key No. (1) 9-1-075-035 (hereafter "Property").

On March 22, 2010, CPB filed a foreclosure action in the Circuit Court of the First Circuit, State of Hawaii entitled <u>Central Pacific Bank v. LV Kapolei 54, LLC; et al.</u>; Civil No. 10-1-0596-03 (hereafter "State Foreclosure Action").

On January 26, 2011, the Circuit Court entered CPB's Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Central Pacific Bank's Motion for Summary Judgment Against Defendant LV Kapolei 54, LLC and Decree of Foreclosure Filed on November 9, 2010 ("Foreclosure Order"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. The Circuit Court appointed Dexter Higa as Commissioner in the Foreclosure Order and he is currently in possession, custody and control of the Property. A public auction was held by the Commissioner on March 23, 2011. CPB was the highest bidder at the auction with a successful bid in the amount of $16,000,000.00, subject to confirmation by the Circuit Court. The State Foreclosure Action was stayed by the filing of the Chapter 11 petition herein.

Debtor is indebted to CPB under that certain Promissory Note dated February 22, 2008 (hereafter "Note") in the original principal amount of

TWENTY-ONE MILLION FOUR HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($21,450,000.00), in accordance with that certain Loan Agreement dated February 22, 2008. A true and correct copy of the Note is attached hereto as Exhibit "B" and incorporated herein by reference.

The Note is secured by, *inter alia*, that certain Mortgage, Security Agreement and Fixture Filing dated February 22, 2008 (hereafter "Mortgage"), executed by Debtor, as mortgagor, in favor of CPB, as mortgagee, which Mortgage is recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3715681, and duly noted on Transfer Certificate of Title No. 743,697, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by reference. The real property which is more fully described in said Mortgage is that certain Property described hereinabove.

The Note is also secured by that certain Assignment of Lessor's Interest in Leases dated February 22, 2008, executed by Debtor, as assignor, and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2008-028744, a true and correct copy of which is attached hereto as Exhibit "D" and incorporated herein by reference.

The Note is further secured by a perfected security interest in personal property related to the Mortgaged Property evidenced by that certain UCC Financing Statement which is recorded in said Bureau of Conveyances as Document No. 2008-028745, and that certain UCC Financing Statement which is recorded in the Delaware Department of State UCC Filing Section as Filing No. 2008-0708576, true and correct copies of which are attached hereto as Exhibits "E" and "F", respectively, and incorporated herein by reference.

The Mortgage, Assignment of Lessor's Interest in Leases and UCC Financing Statements are hereafter collectively referred to as "Security Instruments".

Debtor has defaulted in the observance and performance of the terms, covenants and conditions set forth in the Note and Security Instruments, and accordingly, are in default thereunder. The entire amount of the obligation matured on February 22, 2010 and is now due and payable as follows:

| | |
|---|---|
| Principal Balance | $20,366,975.51 |
| Interest to 5/20/11 | 3,277,385.80 |
| Late Fees | 13,233.14 |
| Appraisal Fees | 28,481.67 |
| Environmental Report Fee | 3,769.63 |

| | |
|---|---:|
| Title Report Fees | 350.00 |
| TOTAL | $23,690,195.75 |

plus interest which continues to accrue at the per diem rate of $6,788.991836 for each day from May 20, 2011, together with reasonable attorneys' fees and costs. A true and correct copy of the loan history for the subject loan is attached hereto as Exhibit "G" and incorporated herein by reference.

B.  ARGUMENT

Section 362(d)(1) of the Bankruptcy Code provides that the Bankruptcy Court shall grant relief from the automatic stay, for cause, including the lack of adequate protection of an interest in property. The Debtor has defaulted in the observance and performance of the terms and conditions set forth in CPB's Security Instruments due to its failure to make the payments required thereunder. CPB's loan matured well over a year ago on February 22, 2010. Despite Debtor's counsel's statement at the hearing on May 16, 2011 on CPB's Motion for Determination Under 11 U.S.C. §362(d)(3) of Single Asset Real Estate Status that Debtor has the ability to pay its obligations, CPB has not received any adequate protection payments and Debtor has failed to make any loan payments since October 22, 2009. See, the Loan Payment history attached hereto as Exhibit "G". In addition, substantial delinquent real property taxes for 2009 and 2010 in

the amount of $541,658.66, plus penalties and interest, are currently due and owing. Attached hereto as Exhibit "H" is a true and correct copy of a printout of the Tax Bill computed to May 31, 2011 for the subject Property obtained from the City and County of Honolulu's Real Property Assessment and Tax online records.

There exists sufficient cause as set forth hereinabove to grant CPB relief from the automatic stay under Section 362(d)(1). In the alternative, the stay should be lifted under Section 362(d)(2) because the Debtor does not have equity in the Property and it is not necessary to an effective reorganization.

In determining whether a debtor has equity in certain property for purposes of Section 362(d)(2)(A), the court must look to the difference between the value of the property and the total of all claims which it secures. See, Stewart v. Gurley, 745 F.2d 1194, 1196 (9th Cir. 1984); In re Sun Valley Newspapers, 171 B.R. 71 (9th Cir. BAP 1994). The Debtor clearly has no equity in the Property. The current aggregate amount owed to CPB and the City and County of Honolulu for real property taxes totals in excess of $24,231,854.41. According to an Appraisal Report prepared by The Hallstrom Group, Inc. dated April 12, 2011, the Property was valued at $13,340,000.00 as of April 9, 2011. See, Declaration of J. Michael Rose. In light of the current economic down cycle in Hawaii, and the fact that interest on the debt secured by the Mortgage is accruing as a per diem rate of

$6,788.991836, there is no reasonable likelihood that a feasible and effective reorganization plan will be confirmed.

C. CONCLUSION

Based on the foregoing, CPB respectfully requests that the Court grant it relief from the automatic stay in order that it may exercise any and all of its rights and remedies under the Security Instruments, including the foreclosure of Debtor's interest in the Property which secures the financial obligations under its mortgage lien on CPB's loan.

DATED: Honolulu, Hawaii, May 26, 2011.

*Emma S. Matsunaga*
EMMA S. MATSUNAGA
JILL J. TAKAYAMA

Attorneys for Secured Creditor
CENTRAL PACIFIC BANK